TROSS *v.* H. E. G. CLARKE CO.

1. PATENTS—OPTION FOR EXCLUSIVE SALE—FINDING OF COURT—PRE-
   PONDERANCE OF TESTIMONY.
   Finding of court that duration of option for exclusive Canadian
   sale of a novel patented device for the hard of hearing, which
   involved down payment of $5,000 and subsequent amount of
   $250,000, was two years and five days instead of only five days
   *held,* not against preponderance of the evidence.

2. DAMAGES—PREVENTION OF PERFORMANCE OF OPTION.
   Measure of damages for prevention of performance of an option
   would, generally speaking, be loss of profits to plaintiff, but
   where profits are wholly speculative and unprovable, plaintiff
   is entitled to recover expenses and value of his time spent in
   *bona fide* attempt to perform the option.

3. COSTS—APPEAL AND ERROR—BRIEFS.
   Upon affirmance of judgment for plaintiff in action at law
   against one of several defendants, he is not awarded costs
   of this court since he filed no brief.

4. CORPORATIONS—OFFICERS—PERSONAL LIABILITY AS TO CORPORATE
   OPTION—FRAUD.
   Officers of a corporation *held,* not personally liable for prevent-
   ing plaintiff from performing corporate option as to exclusive
   sale of a patented device in absence of either pleading or evi-
   dence showing they had fraudulently induced such corporate
   act.

Appeal from Kent; Perkins (Willis B.), J.   Sub-
mitted October 29, 1935.   (Docket No. 93, Calendar
No. 38,616.)   Decided January 6, 1936.

Action by Edwin T. Tross against H. E. G. Clarke
Company, Inc., a Michigan corporation, Oren E.
Marvel and others for damages for preventing per-
formance of an option for exclusive sale of a

patented device for the hard of hearing. Judgment for plaintiff. Defendants appeal. Affirmed as to corporate defendant. Reversed as to other defendants.

*Shaw & McIntyre,* for defendants.

Fead, J. Defendant corporation owned a device for the hard of hearing, called an Auratone. September 26, 1932, it gave plaintiff an exclusive option on the right to exploit the device in Canada. Plaintiff engaged upon the project, keeping defendant informed of his negotiations and at times having its aid and direction. He interested one Cooke and formed a corporation in Canada. He sought to obtain from defendant a final contract for the rights. Defendant refused a contract because it objected to Cooke and it induced plaintiff to attempt negotiations with other persons. After so doing and over plaintiff's protest, it made a contract directly with Cooke for the Canadian rights, thereby preventing plaintiff from exercising the option and itself from conveying the rights to him.

Much confusion of pleading, practice and theory appeared on the trial, but ultimately the case is for damages for prevention of performance of a contract. Plaintiff had judgment on trial before the court.

Plaintiff relied upon the option of September 26, 1932, which, according to its terms, was to expire October 1, 1934. Inspection of the instrument demonstrates that the expiration date as originally written was October 1, 1932. Plaintiff claims the change was made before the instrument was delivered to him and defendant claims it was made afterwards. The oral testimony was in conflict,

that of defendant being particularly unconvincing. It seems hardly reasonable that the parties would provide a five-day option in a transaction which required a down payment of $5,000 and an ultimate payment of $250,000, in the exploitation of a device in a new field, to finance which plaintiff needed to obtain help, as defendant well knew, and that, after the five days had expired, plaintiff should continue his efforts and expend money to obtain financial assistance without any other agreement in writing.

It is true that on December 1, 1932, defendant executed to plaintiff another option, on different terms, involving a total payment of $500,000, covering the months of December and January, the time extended by another option to February and March, but plaintiff claims these instruments were not *bona fide* options but were given for the purpose of aiding him in high-pressure salesmanship. This claim appears plausible because plaintiff continued his efforts with defendant's cooperation from October 1st to December 1st and after March without any other agreement than the one of September 26th.

We cannot say the finding of the circuit court, that the expiration date of the option of September 26, 1932, was October 1, 1934, was against the preponderance of the testimony.

Defendant complains because the court allowed plaintiff, as damages and upon the *quantum meruit,* the expense and value of the time employed by plaintiff in an attempt to perform the option. While, technically, recovery is not upon the *quantum meruit,* the distinction from the true rule is one of words rather than substance.

Generally speaking, the measure of damages would be loss of profits to plaintiff from the prevention of performance. But where the profits are

wholly speculative and unprovable, the one who prevents performance may not go scot-free.

"Unless there is some artificial rule of law which has taken the place of natural justice in relation to the measure of damages, it would seem to be quite clear that the claimant ought at least to be made whole for his losses and expenditures." *United States* v. *Behan,* 110 U. S. 338, 344 (4 Sup. Ct. 81.)

Where profits are speculative, the measure of damages is the actual expenditures and value of services reasonably spent in a *bona fide* attempt to perform the contract or reasonably expended upon the faith of the contract. *United States* v. *Behan, supra;* 17 C. J. p. 855; *Feldman* v. *Wear-U-Well Shoe Co.,* 191 Mich. 73.

Judgment against defendant corporation is affirmed, but without costs of this court because plaintiff filed no brief herein.

The option was a corporation instrument and plaintiff's damages arose from a corporation act. The individual defendants were officers of the corporation and are not personally liable for the acts of the company. Neither by pleading nor evidence were they alleged nor shown to have fraudulently induced the corporation act to the damage of plaintiff and no ground was laid for personal liability.

Judgment as to the individual defendants will be reversed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.